UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAIRA ALOKOZAY,<br><br>           Plaintiff,<br><br>     v.<br><br>MERRICK B. GARLAND, et al.,<br><br>           Defendants. | No. 2:24-cv-00084-DJC-CKD (PS)<br><br><u>FINDINGS AND RECOMMENDATIONS;<br>ORDER</u> |

On January 8, 2024, plaintiff filed this action with the court pursuant to the Mandamus Act, 28 U.S.C. § 1361; the Administrative Procedure Act ("APA"), 5 U.S.C. § 706; and the Declaratory Judgment Act, 28 U.S.C. § 2201.  (<u>See generally</u>, ECF No. 1.)  Plaintiff asks the court to compel the U.S. Citizenship and Immigration Services (USCIS) to adjudicate plaintiff's applications for humanitarian parole for three of her family members.  (ECF No. 1 at ¶¶ 16, 29.)  Defendants have moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1).  (ECF No. 7.)  Defendants argue that plaintiff's action is moot and that her claims do not fall within any of the exceptions to mootness doctrine.  (<u>Id.</u>)  Plaintiff has not filed any opposition to defendants' motion, and therefore it is deemed unopposed.  <u>See</u> E.D. Cal. L.R. 230(c).

As discussed below, the recommends that defendants' motion be granted.

/////

1

  Article III of the United States Constitution requires that a live case or controversy must continue to exist at the time that a federal court decides the case, not just at the time the lawsuit was filed.  California Association of Rural Health Clinics v. Douglas, 738 F.3d 1007, 1017 (9th Cir. 2013).  "If an action or a claim loses its character as a live controversy, then the action or claim becomes 'moot,' and [the federal courts] lack jurisdiction to resolve the underlying dispute."  Id., quoting Doe v. Madison Sch. Dist. No. 321, 177 F.3d 789, 797–98 (9th Cir. 1999).  Courts often find that mandamus actions filed against the USCIS are moot where the requested relief is resolved after the filing of the mandamus action.  See e.g., Allen v. Garland, 2023 WL 2457407, at *5 (N.D. Cal. Mar. 10, 2023) (action moot where plaintiff "received what her complaint requested when USCIS made its decision").  See also Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1087 (9th Cir. 2011) (claims must be dismissed as moot if "events subsequent to the filing of the case resolve the parties' dispute").

  Here, plaintiff submitted applications for humanitarian parole for her brother, sister, and mother on October 18, 2021.  (ECF No. 1, ¶¶ 16, 29.)  Receipt notices issued for each of these applications.[1]  On February 6, 2024, the USCIS approved each of plaintiff's applications.  (Declaration of Elliot Wong, ECF No. 7-1 at ¶ 2.) (See USCIS case status reports for case numbers IOE8070617967, IOE8093851717, and IOE8590976221.)[2]  Accordingly, there no longer exists a live case or controversy and finds that this action is moot and subject to dismissal for lack of jurisdiction.[3]

/////

/////

---

[1] On December 15, 2022, the USCIS Humanitarian Affairs Branch informed plaintiff via email that each of the receipt numbers had been converted: MSC2299811321 became IOE8070617967, MSC2299811322 became IOE8093851717, and MSC2299811323 became IOE8590976221. (ECF No. 1 at 34, email from USCIS Humanitarian Affairs Branch.)

[2] The undersigned takes judicial notice of the USCIS case status reports, available at https://egov.uscis.gov/ that corresponds to plaintiff's receipt numbers.  (ECF No. 1 at 10-15, 34.) The USCIS case status reports confirm that plaintiff's applications were approved on February 6, 2024, and that approval notices were mailed to plaintiff. See Dent v. Holder, 627 F.3d 365, 371 (9th Cir.2010) (taking judicial notice of agency records).

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' unopposed motion to dismiss, ECF No. 7 be GRANTED;

2. This action be DISMISSED as moot; and

3. The clerk of court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

## ORDER

All pleading, discovery, and motion practices in this action are STAYED and all future hearing dates, including the hearing currently set for April 24, 2024, are VACATED pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

Dated:  April 2, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,azok.0084